UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| MIKE SETTLE, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| VS. | ) No. 17-1240-JDT-jay |
| | ) |
| MIKE PARRIS, | ) |
| | ) |
| Respondent. | ) |
| | ) |

ORDER TO UPDATE THE DOCKET, DISMISSING § 2241 PETITION,
CERTIFYING AN APPEAL WOULD NOT BE TAKEN IN GOOD FAITH
AND DENYING LEAVE TO APPEAL *IN FORMA PAUPERIS*

Petitioner Mike Settle has filed a *pro se* habeas corpus petition (the "Petition"), pursuant to 28 U.S.C. § 2241. (ECF No. 2.) For the following reasons, the Petition will be dismissed. The Clerk shall record the Respondent as Warden Mike Parris.[1]

## BACKGROUND

On May 5, 2000, Settle pleaded guilty before the undersigned to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g). *United States v. Settle*, No. 99-10073-JDT, ECF No. 31 (W.D. Tenn.). The Court determined he was subject to a mandatory minimum prison term of fifteen years under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e). *Id.* Presentence Report at 6, 19. On August 2, 2000, the Court imposed a 262-month term of

---

[1] Petitioner is currently housed at the Morgan County Correctional Complex. Parris is the warden of that facility and is, thus, the proper Respondent in this case. *See Rumsfeld v. Padilla*, 542 U.S. 426, 434-35 (2004); Fed. R. Civ. P. 25(d).

imprisonment, to run consecutive to any previous state or federal sentence, and a three-year period of supervised release. *Id.* ECF No. 35.

Settle filed his first 28 U.S.C. § 2255 motion to vacate, set aside, or correct his sentence on July 3, 2003. *Settle v. United States*, No. 03-1167-JDT-egb, ECF No. 1 (W.D. Tenn.). He asserted that "[h]is guilty plea was invalid because the Court did not inform him that he would not begin serving his federal sentence until he was received in federal custody; . . . [h]e received ineffective assistance of counsel which rendered his guilty plea invalid; and . . . [h]e was denied due process because the Court failed to inform him that his federal sentence would run consecutively to th[e] state sentence." *Id.* Order Denying § 2255 Motion, ECF No. 5 at PageID 2. Following a remand by the U.S. Court of Appeals for the Sixth Circuit, the undersigned dismissed the petition as untimely on June 18, 2007. *Id.* Order of Dismissal, ECF No. 25. The Sixth Circuit denied a certificate of appealability. *Settle v. United States*, No. 07-5844 (6th Cir. Feb. 1, 2008), *cert. denied*, 555 U.S. 611 (2008). Settle subsequently filed numerous applications with the Court of Appeals for permission to file a second or successive § 2255 petition, all of which were denied. *See Settle v. Phillips*, No. 15-1076-JDB-egb, 2016 WL 705225, at *3-4 (W.D. Tenn. Feb. 19, 2016) (detailing Petitioner's numerous collateral filings through 2015).

## DISCUSSION

On November 13, 2017, Settle filed the Petition in the U.S. District Court for the Eastern District of Tennessee, once again challenging the imposition of his federal conviction and sentence. The case was transferred to this district on December 21, 2017. (ECF No. 4.) Settle asserts in Claim 1 that he is entitled to relief from his conviction on the ground that, at sentencing, the undersigned did not inform him of his right to appeal. (ECF No. 2 at 2.) He maintains in

Claim 2 that the undersigned "failed to consider the factors in 18 U.S.C. § 3553(a)" at the time of sentencing. (*Id.* at 6.)

As a general matter, a federal prisoner may challenge the "validity of [his] federal conviction or sentence" only by way of a motion under § 2255. *Hill v. Masters*, 836 F.3d 591, 594 (6th Cir. 2016). However, he may advance such a challenge under § 2241 if he establishes, pursuant to § 2255's "savings clause," that a remedy under § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e); *Charles v. Chandler*, 180 F.3d 753, 756 (6th Cir. 1999) (per curiam). The petitioner bears the burden of proving the inadequacy or ineffectiveness of a remedy under § 2255. *Charles*, 180 F.3d at 756.

"Significantly, the § 2255 remedy is not considered inadequate or ineffective simply because § 2255 relief has already been denied, or because the petitioner is procedurally barred from pursuing relief under § 2255, or because the petitioner has been denied permission to file a second or successive motion to vacate." *Id.* (citations omitted). Instead, a petitioner generally must assert his "actual[] innocen[ce]," which can be based on an intervening change of statutory interpretation. *Hill*, 836 F.3d at 594 (quoting *Wooten v. Cauley*, 677 F.3d 303, 307 (6th Cir. 2012)). At bottom, the narrow gateway demands that no federal prisoner be allowed to "bring a claim of actual innocence in a § 2241 petition through the saving clause without showing that he had no prior reasonable opportunity to bring his argument for relief." *Wright v. Spaulding*, 939 F.3d 695, 705 (6th Cir. 2019)

Both Claims 1 and 2 of the Petition, here, challenge the imposition of Settle's federal conviction. To proceed under § 2241, Petitioner must therefore demonstrate that the remedy under § 2255 is inadequate or ineffective to challenge his detention. He cannot do so, as there is no reason why he could not have presented his claims in his first § 2255 petition. As he has not shown

3

that a remedy under § 2255 is inadequate or ineffective to challenge his detention, he may not bring his claims via § 2241.[2]  The Petition is DISMISSED.

## APPEAL ISSUES

Federal prisoners who file petitions under 28 U.S.C. § 2241 challenging the imposition of their convictions or sentences need not obtain certificates of appealability under 28 U.S.C. § 2253(c)(1).  *Witham v. United States*, 355 F.3d 501, 504 (6th Cir. 2004).

Pursuant to Federal Rule of Appellate Procedure 24(a)(1), a party seeking pauper status on appeal must first file a motion in the district court, along with a supporting affidavit.  However, Rule 24(a) also provides that if the district court certifies that an appeal would not be taken in good faith, the prisoner must file his motion to proceed *in forma pauperis* in the appellate court.  Fed. R. App. P. 24(a)(4)-(5).  In this case, the Court CERTIFIES, pursuant to Rule 24(a), that any appeal in this matter would not be taken in good faith.  Leave to appeal *in forma pauperis* is therefore DENIED.[3]

IT IS SO ORDERED.

                                               s/ **James D. Todd**
                                              JAMES D. TODD
                                              UNITED STATES DISTRICT JUDGE

---

[2] In addition, Petitioner raised Claim 2 in an earlier § 2241 petition, which was denied. *See Settle v. Phillips*, No. 15-1076-JDB-egb, 2016 WL 705225, at *4, 5 (W.D. Tenn. Feb. 19, 2016).

[3] If Petitioner files a notice of appeal, he must either pay the full $505 appellate filing fee to this Court or file a motion to proceed *in forma pauperis* and supporting affidavit in the Sixth Circuit Court of Appeals within thirty days.